UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARIA HENRRIQUEZ, on behalf of herself,
individually, and on behalf of all others
similarly-situated,

                       Plaintiff,

          -against-

DOLLAR BUDGET, INC, d/b/a 99 CENTS
VILLAGE, and DOLLAR VILLAGE, INC,
d/b/a 99 CENTS VILLAGE, and
MUHAMMED IRFAN, individually,

                      Defendants.
----------------------------------------------------------X

**COMPLAINT**

Docket No.: 24-cv-8066

**Jury Trial Demanded**

      MARIA HENRRIQUEZ ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as these terms are defined below), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against DOLLAR BUDGET, INC, which does business as 99 CENTS VILLAGE, ("Dollar Budget"), and DOLLAR VILLAGE, INC, which also does business as 99 CENTS VILLAGE, ("Dollar Village"), and MUHAMMED IRFAN, individually, (collectively, where appropriate, as "Defendants"), alleges upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

      1.      This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the

New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the minimum wage provisions of the NYLL, NYLL § 652(1), 12 NYCRR § 142-2.1; (iv) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); (v) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information at the time of hire, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.     Plaintiff worked for Defendants - - two New York corporations that together comprise a single-integrated enterprise that operates a general merchandise and retail store located in Queens Village, New York, as well as the enterprise's owner and day-to-day overseer - - from in or around May 2019 until March 15, 2024, as a line organizer, performing tasks primarily focused on organizing and stocking products in the aisles of the store.

3.     As described below, throughout her employment, Defendants failed to pay Plaintiff the overtime wages lawfully due to her under the FLSA and the NYLL, as well as at least at the minimum wage rate that the NYLL requires for all hours of work.  Specifically, throughout most of her employment as detailed below, Defendants routinely required Plaintiff to work, and Plaintiff did work, beyond forty hours each week, or virtually each week, yet Defendants paid Plaintiff a flat weekly rate regardless of the amount of hours that she worked that did not include overtime premiums at the statutorily-required rate of one and one-half times her regular rate, or one and one-half times the minimum wage rate, if greater, for all of the hours that Plaintiff worked over forty in a week.  Moreover, when dividing Plaintiff's total weekly pay by her total hours worked, Plaintiff's effective rate of pay fell below the minimum wage rate that the NYLL requires for each hour worked.

4.      Defendants further violated the NYLL by failing to furnish Plaintiff with any wage statement on each payday or with any wage notice at the time of her hire, let alone an accurate statement or notice.

5.      Defendants have paid and treated all of their non-managerial employees in the same manner.

6.      Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who have suffered damages as a results of Defendants' violations of the FLSA.  Plaintiff brings her claims under the NYLL and the NYCRR on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

7.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who have suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

### JURISDICTION AND VENUE

8.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.*  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

10.     At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11.     At all relevant times herein, Defendant Dollar Budget was and is a New York corporation that is registered with the New York State Department of State to receive service of process at 218-13 Jamaica Avenue, Queens Village, New York 11428, and which maintains its principal place of business at that same location.

12.     At all relevant times, Defendant Dollar Village was and is a New York corporation that is registered with the New York State Department of State to receive service of process at 218-13 Jamaica Avenue, Queens Village, New York 11428, and which maintains its principal place of business at that same location.

13.     At all relevant times herein, while nominally distinct entities, Defendants Dollar Budget and Dollar Village have together operated and continue to operate as a single-integrated enterprise engaged in running a general merchandise and retail store located in Queens Village, New York.  Indeed, these entities are commonly owned and managed, are commonly controlled financially, and they co-mingle employees, including Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs.

14.     To that end, Defendant Irfan was and is the owner and day-today overseer of Dollar Budget and Dollar Village, who in that role personally managed and oversaw, and continues to manage and oversee, the day-to-day operations of the business, and who was and is ultimately responsible for all matters with respect to hiring and firing employees, determining employees' rates, methods of pay, and employees' work schedules, as well as for maintaining employment records, including those matters with respect to Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs.

15.    At all relevant times, all Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR.  Additionally, at all times relevant to the FLSA, Defendants' qualifying annual business has exceeded and exceeds $500,000.00.  Furthermore, Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employed and employ two or more employees, operate a business that purchases and then sells numerous products, such as household goods, cleaning supplies, snacks, kitchen essentials, and personal care products, which have moved across state lines, and have accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, as well as cash that has naturally moved across state lines.  The combination of these factors subject Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

16.    Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants, and who give consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

17.    Defendants have treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) have performed similar tasks, as described in the "Background Facts" section below; (2) were and are subject to the same laws and regulations; (3) were and are paid in the same or similar manner; (4) were and are required to work in excess of forty hours in a

workweek; and (5) were and are not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

18.     At all relevant times herein, Defendants were and are aware of the requirement to pay their non-managerial employees, including Plaintiff and FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so.  Indeed, Plaintiff complained to Defendant Irfan multiple times about Defendants not paying her enough wages, which included overtime wages, yet Defendants continued to pay Plaintiff a flat weekly salary that did not include overtime throughout her employment.

19.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek in excess of forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

20.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on her own behalf, as well as on behalf of those who are similarly-situated who, during the applicable limitations period, Defendants subjected to violations of the NYLL and the NYCRR.

21.     Under FRCP 23(b)(3), a plaintiff must plead that:

a.  The class is so numerous that joinder is impracticable;

b.  There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c.  Claims or defenses of the representative are typical of the class;

d.  The representative will fairly and adequately protect the class; and

    e.  A class action is superior to other methods of adjudication.

22.    Plaintiff seeks certification of the following FRCP class:

> Current and former non-managerial employees, who during the applicable NYLL limitations period, performed any work for Defendants within the State of New York ("Rule 23 Plaintiffs").

<u>Numerosity</u>

23.    At all times relevant to the NYLL, Defendants have employed at least forty employees who are putative members of this class.

<u>Common Question of Law and Fact</u>

24.    There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendants have required each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether the Rule 23 Plaintiffs have worked in excess of forty hours in a workweek; (4) whether Defendants have failed to pay the Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty in a workweek; (5) whether Defendants have failed to pay the Rule 23 Plaintiffs at least at the minimum wage rate that the NYLL requires per hour of work; (6) whether Defendants have failed to furnish the Rule 23 Plaintiffs with a wage statement on each payday that accurately contains the information that NYLL § 195(3) requires; (7) whether Defendants have failed to furnish the Rule 23 Plaintiffs with a wage notice at the time of hire that accurately contains the information that NYLL § 195(1) requires; (8) whether Defendants have kept and maintained records with respect to each hour that the Rule 23 Plaintiffs have worked; (9) whether Defendants have kept and maintained records with respect to the compensation that they have paid to the Rule 23 Plaintiffs; (10) whether Defendants maintain any

affirmative defenses to the Rule 23 Plaintiffs' claims; (11) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (12) if so, what constitutes the proper measure of damages.

Typicality of Claims or Defenses

25.    As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL and the NYCRR.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants in New York, and Defendants: did and do not pay them overtime wages for all hours that they work over forty in a week; and/or did and do not pay them at least at the minimum wage rate that the NYLL requires per hour of work; and/or did and do not furnish them with an accurate wage statement on each payday; and/or did and do not furnish them with an accurate wage notice at the time of hire.  Plaintiff and Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL and the NYCRR to be paid all of their overtime pay and at least at the minimum wage per hour of work, to be furnished with an accurate wage statement on each payday, and to be furnished with an accurate wage notice at the time of hire. Plaintiff and Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and the NYCRR.  Plaintiff and Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

<u>Adequacy</u>

26.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendants.  Defendants did not pay Plaintiff overtime wages at the rate of one and one-half times her regular rate of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked over forty in a week, did not pay Plaintiff at least at the minimum wage rate that the NYLL requires per hour of work, and did not furnish Plaintiff with an accurate wage statement on each payday or with an accurate wage notice at the time of hire, which is substantially similar to how Defendants have paid and treated the Rule 23 Plaintiffs.  Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer that pertain to her.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

27.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>Superiority</u>

28.     Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

29.     Any lawsuit brought by any non-managerial employee of Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations.  Thus separate litigation would risk inconsistent results.

30.     Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## **BACKGROUND FACTS**

31.    Defendants Dollar Budget and Dollar Village are two New York corporations which together, as explained above, operate as a single-integrated enterprise to run a general merchandise and retail store located at 218-13 Jamaica Avenue, Queens Village, New York 11428.

32.    At all relevant times herein, Defendant Irfan was and is the owner and day-today overseer of the enterprise, who in that role has personally managed and overseen the day-to-day operations of the business, and who was and is ultimately responsible for all matters with respect to hiring and firing employees, determining employees' rates, methods of pay, and work schedules, as well as for maintaining employment records, including those matters with respect to Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs.  Indeed, Irfan hired Plaintiff, set Plaintiff's rate of pay, determined her schedule, maintained or should have maintained her employment records, and terminated Plaintiff's employment.

33.    Plaintiff worked for Defendants as a line organizer from in and around May 2019 until March 15, 2024.  In that role, Plaintiff was primarily responsible for organizing and stocking products in the aisles of the store.

34.    From the beginning of her employment until in or about May 2020, Defendants required Plaintiff to work, and Plaintiff did work, Monday through Friday, from 10:00 a.m. until 8:00 p.m. without a scheduled or uninterrupted break during her shift, for a total of fifty hours per week.

35.    From in or about May 2020 until in or about May 2023, Defendants required Plaintiff to work, and Plaintiff did work, Monday through Friday, from 10:00 a.m. until 7:00 p.m. without a scheduled or uninterrupted break during her shift, for a total of forty-five hours per week.

36.     From in or about May 2023 until the end of her employment, Defendants required Plaintiff to work, and Plaintiff did work, Tuesday through Friday, from 10:00 a.m. until 7:00 p.m. without a scheduled or uninterrupted break during her shift, for a total of thirty-six hours per week.

37.     For her work, from the beginning of her employment until in or about May 2020, Defendants paid Plaintiff a flat weekly salary of $500.00.

38.     From in or about May 2020 until in or about May 2023, Defendants paid Plaintiff a flat weekly salary of $480.00.

39.     From in or about May 2023 until the end of her employment, Defendants paid Plaintiff a flat weekly salary of $380.00.

40.     At no time during her employment did Defendants pay Plaintiff at the statutorily-required rate of one and one-half times her regular rate, or one and one-half times the minimum wage rate, if greater, for any hours that she worked in a week over forty.

41.     Further, throughout her employment, Defendants paid Plaintiff below the applicable minimum wage rate that New York law required for each hour worked.

42.     By way of example only, for the week of August 12 through August 18, 2019, Defendants required Plaintiff to work, and Plaintiff did work, a total of fifty hours, according to the following schedule, without a scheduled or uninterrupted break during her shifts:

> Monday, August 12, 2019: 10:00 a.m. to 8:00 p.m.;
>
> Tuesday, August 13, 2019: 10:00 a.m. to 8:00 p.m.;
>
> Wednesday, August 14, 2019: 10:00 a.m. to 8:00 p.m.;
>
> Thursday, August 15, 2019: 10:00 a.m. to 8:00 p.m.;
>
> Friday, August 16, 2019: 10:00 a.m. to 8:00 p.m.;
>
> Saturday: off; and

Sunday: off.

In exchange for her work that week, Defendants paid Plaintiff her weekly salary of $500.00, which did not include overtime pay for the ten hours of work that she performed in excess of forty, and which fell below the New York minimum wage rate for each hour of work.

43.    Throughout her employment, Defendants paid Plaintiff in cash on a weekly basis.

44.    On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with any wage statement, let alone a statement that accurately listed, *inter alia*: her total hours worked that week and her regular and overtime rates of pay for every hour that she worked. Defendants' failure to provide Plaintiff with a proper wage statement deprived Plaintiff of the ability to know exactly how much compensation she was entitled to receive, which entities were her lawful employers, and contributed to the underpayment of wages as asserted herein.

45.    Additionally, at the time of her hire, Defendants failed to provide Plaintiff with any wage notice, let alone a notice that accurately listed, *inter alia*: Plaintiff's rate of pay and basis thereof; whether Plaintiff would be paid by the hour, salary, or in another manner; any allowances claimed; the regular payday designated by Defendants; the name of the Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number. Defendants' failure to provide Plaintiff with a proper wage notice deprived Plaintiff of the ability to know exactly how much compensation she was entitled to receive, which entities were her lawful employers, and contributed to the underpayment of wages as asserted herein.

46.    Defendants have treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

47.    Defendants have acted in the manner described herein to maximize their profits while minimizing their labor costs and overhead.

48.    Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have worked was and is for Defendants' benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

49.    Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

51.    As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs were and/or are employees within the meaning of the FLSA.

52.    As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

53.    Defendants willfully violated the FLSA.

54.    Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

55.    Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the NYLL and the NYCRR*

56.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57.     NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

58.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

59.     As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

60.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

61.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wages Under the NYLL and the NYCRR*

62.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63.     NYLL § 652(1) and NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

64.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

65.     As also described above, Defendants failed to compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in accordance with the NYLL's and the NYCRR's minimum wage provisions.

66.     At the least, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to pay at the minimum wage rate for all hours worked.

67.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

68.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69.     NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

70.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

71.     As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with any wage statement, let alone a statement that accurately contained the criteria that the NYLL requires.

72.     Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

<u>**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**</u>
<u>*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*</u>

73.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

74.     NYLL § 195(1) requires that employers provide employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

75.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

76.     As also described above, Defendants, at the time of hire, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with any wage notice, let alone a notice that accurately contained all of the criteria that the NYLL requires.

77.     Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

78.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.     A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.     Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.     An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d.     Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely

FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.    Certification of the claims brought in this case under the NYLL and NYCRR as a class action pursuant to FRCP 23;

f.    Designation of Plaintiff and her counsel as collective/class action representatives under the FLSA and the FRCP;

g.    Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

h.    Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

i.    Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

j.    Awarding pre-judgment and post-judgment interest, as provided by law; and

k.   Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief

as this Court finds necessary and proper.

Dated: Garden City, New York
      November 20, 2024

                                      Respectfully submitted,

                                      BORRELLI & ASSOCIATES, P.L.L.C.
                                      *Attorneys for Plaintiff*
                                      910 Franklin Avenue, Suite 205
                                      Garden City, New York 11530
                                      Tel. No. (516) 248-5550
                                      Fax No. (516) 248 6027

By: _____

                                      MICHAEL J. BORRELLI (MB 8533)
                                      ALEXANDER T. COLEMAN (AC 8151)
                                      PHILIP J. MALDARI (6049639)